Dale *v.* Heffner.

DALE & FRIERSON *v.* HEFFNER & DUNCAN.

REPLEVIN BOND. *Estoppel.*. The replevin bond in this case being a clear and distinct undertaking to pay the debt on the condition prescribed, or the value of the property attached with the interest, and the value of the property not being fixed in the bond, as might have been done, the surety is estopped to deny the validity of the bond, or the legality of the proceedings under which it was obtained, and he is liable thereon for the amount of the decree rendered on said bond.

Code cited: §§774, 3509.

FROM DAVIDSON.

Appeal from the Chancery Court. SAMUEL D. FRIERSON Chancellor.

R. L. CARUTHERS for plaintiff.

E. H. EWING for defendant.

FREEMAN, J., delivered the opinion of the Court.

This attachment bill was filed by complainants to enforce the collection of upwards of $140, alleged to be due from defendants, the price of cotton seed sold and delivered in pursuance of a contract set out in the pleadings. An attachment was issued and levied on some 6,000 sacks of cotton seed, as the property of Heffner & Duncan, or one of them.

On the 26th of January, 1866, Heffner alone relevied the seed, reciting the fact in the bond, that

the seed was levied on as his seed, giving as sureties on the bond, his co-defendant, Duncan, and A. S. Colyar, Esq. The suit progressed until March 28, 1870, when a final decree was rendered against defendants, Heffner, Duncan and Colyar, on the replevy bond, for the sum of upwards of $160. From this decree there was **no** appeal by either party, but in February, 1871, a **writ** of error was sued out by Duncan alone, to reverse this decree.

In this aspect of the case, the decree of the Court remains in force as to Heffner and the other surety on his bond, and cannot be reviewed or reversed now, the time for writ of error having long since expired. Is there any error as to defendant, Duncan, in the record before us, on which a reversal can be had? We think it clear, beyond dispute, that the replevin bond given in this case binds Heffner and his sureties for the payment of the debt in the event the Court decided against him. The condition of the bond is, that, "if the said Heffner shall well and truly pay said debt and interest, and all costs, or so much thereof as said Court shall order and decree, then the obligation is to be null and void." The debt claimed by complainants in the bill, is stated in the recitals of this bond to be $144 05, and the penalty of the bond is $300. Here is a clear and distinct undertaking to pay the debt on the condition prescribed. It is true, there is an alternative condition added—"or the value of the property attached, with all interest thereon;" but the party has failed to fix the value of the pro-

Dale *v.* Heffner.

perty in the bond, as he had the option to do so, and confine his liability to that, and so must be held to the clear language of his undertaking, which has been entered into according to the terms of §3509 of the Code, to pay the demand of complainants. The property having been received on the faith of this bond, the party and his sureties are estopped to deny the validity of the bond, or the legality of the proceedings under which it was obtained," by §774 of the Code; so that · in any event, Duncan is liable as surety on this bond for Heffner, for the amount of the decree rendered. In this view of the case, it is unnecessary to consider the questions presented in argument on the other matters in the record, as we should, even though we might find errors in the same, be still compelled to say there is no error in the rendition of a decree against Duncan on this bond, and to render a decree against him on said bond, for the same amount as the Court below did.

We, therefore, affirm the decree below, with costs of this Court.

Justices Nicholson and Turney were incompetent in this case.